

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HORRIS POLLARD, ) <br> ) <br> Defendant. ) | No. <br> 13 C 2267 |

MEMORANDUM ORDER

Horris Pollard ("Pollard") has submitted a pro se motion under 28 U.S.C. §2255 ("Section 2255") in which he seeks to challenge the sentence that this Court imposed on him--a custodial term of 60 months followed by a four-year term of supervised release,[1] coupled with a $3,800 fine and the statutory $100 special assessment--following his guilty plea to the drug charge in Count Two of the indictment. Although his sentencing took place on May 5, <u>2011,</u> so that the current filing comes nearly a full year after the one-year limitations clock prescribed by Section 2255(f) ran out, all that Pollard says on that score--without any specified support for his ipse dixit--is this:

> 1. At the end of his Jurisdiction Statement:
>
>    Movant timely appeals his conviction. This §2255 is within the one year limitation period of obtaining new information concerning defendants incarceration, and

---

[1] Pollard's motion refers to a 36-month supervised release term, but the Court docket says four years.

therefore is timely.

2. In his motion to allow the current filing:

This §2255 is timely.

Thus Pollard has not provided even a hint of the respect in which, as paragraph 6 of his motion states, he was the victim of constitutionally inadequate representation during the sentencing:

> Mr. Pollard now contends in this §2255 petition that his sentence should be modified as he was denied the effective assistance of counsel during his sentencing phase in violation of his Sixth Amendment right to representation by effective counsel.

And even were that not the case, Pollard has not provided even a hint of the basis on which (even if he were able to identify such constitutional inadequacy) he can escape a limitations bar. Instead he says:

> A) The defendant is without counsel and must research, prepare, and file his brief as pro se.
>
> B) Due to incarceration, the Defendant is limited in his ability to obtain the legal materials he is in need of.

That simply won't do. Before Pollard can be permitted to speak to the merits of his claim, this Court's preliminary review conducted in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts calls for a threshold determination of the timeliness issue. Accordingly Pollard's Section 2255 motion is denied,[2] but with

---

[2] Because this District Court's handling of Section 2255 motions includes the assignment of a civil case number to such a

2

the understanding that if Pollard were promptly to address the issues posed here in an effective way calling for reconsideration of this memorandum order, the renewed Section 2255 motion will still be treated as having been filed on March 25, 2013 (the date of the original motion's receipt in the Clerk's Office).

                          _/s/ William D. Shadur_
                          Milton I. Shadur
                          Senior United States District Judge

Date: March 28, 2013

---

motion (a procedure that facilitates the docketing of motion-related entries separate and apart from docketing in closed criminal cases--often of ancient vintage), denial of the motion calls for dismissal of the civil "case." This Court so orders.