IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 2267 |
| | ) | (09 CR 268) |
| | ) | |
| HORRIS POLLARD, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

In response to the 28 U.S.C. §2255[1] motion that Horris Pollard ("Pollard") filed pro se, this Court issued a March 28, 2013 memorandum order ("Order") that sought to probe the basis on which he sought to bring his motion nearly a full year after the one-year limitations clock prescribed by Section 2255(f) ran out. Now Pollard has responded by clarifying the substantive ground for his attack on his sentence.[2]

What Pollard now asserts is that the Bureau of Prisons is calculating his sentence improperly because of its failure to give him credit for time spent on what he characterizes as "house

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] In an effort to bring himself within the purview of Section 2255, Pollard's motion originally contended that "he was denied the effective assistance of counsel during his sentencing phase in violation of his Sixth Amendment right to representation by effective counsel." But his current filing has shifted ground by contending that the asserted fault is that of the Bureau of Prisons referred to later in the text--a position that makes clear his attempted invocation of Section 2255 has taken the wrong path.

arrest"--actually electronic monitoring--during a period of two years when he was released on bond. But that contention does not hold water as a substantive matter. As the relevant statute--18 U.S.C. §3585(b)(emphasis added)--reads:

> A defendant shall be given credit toward the service of a term of imprisonment <u>for any time he has spent in official detention</u> prior to the date the sentence commences....

And <u>Reno v. Koray</u>, 515 U.S. 50, 57-60 and 60-61 n.4 (1995) has definitively held that "official detention" within the meaning of that statute does <u>not</u> call for sentencing credit for time spent on electronic monitoring or house arrest.

But that is beside the point here, for our Court of Appeals has since decided that Section 2255 is <u>not</u> in play in the scenario presented by Pollard. Here is what <u>United States v. Gordon</u>, 130 Fed. App'x 24, 25 (7th Cir. 2005) said in response to a like request for relief by an inmate in custody:

> [W]hat he was asking for was fundamentally a recalculation of his sentencing credits; and that, we have said, requires an action under 28 U.S.C. §2241, see <u>Richmond v. Scibana</u>, 387 F.3d 602, 605 (7th Cir. 2004); <u>Romandine v. United States</u>, 206 F.3d 731, 736 (7th Cir. 2000). Consequently, [the prisoner] was subject to all the requirements for an action in habeas corpus under §2241.

Like the prisoner in <u>Gordon</u>, Pollard has failed to comply with the basic requirements of a Section 2241 habeas action. And as in <u>Gordon</u>, even though those deficiencies are not jurisdictional "they are nonetheless grounds for dismissal."

Hence the Order's earlier denial of Pollard's Section 2255 motion is vacated, and this action is dismissed.[3]

Milton I. Shadur
Senior United States District Judge

Date: April 17, 2013

---

[3] Pollard should also understand that if he were later to attempt to reshape his action as a Section 2241 habeas petition, he would still be dead in the water under the authority of Reno v. Koray.